```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REYNALDO MORGAN,

                        Petitioner,              MEMORANDUM & ORDER

        -against-                                10-CV-3954 (NGG) (RER)

WILLIAM LEE, Warden,

                        Defendant.
------------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

On September 18, 2015, pro se Petitioner Reynaldo Morgan filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Amended Petition"). (Am. Pet. (Dkt. 36).) The Amended Petition was referred to Magistrate Judge Ramon E. Reyes, Jr., for a Report and Recommendation ("R&R"), pursuant to a prior order from this court. (Sept. 17, 2015, Mem. & Order (Dkt. 35) at 17.) Judge Reyes issued an R&R on August 8, 2016 (the "2016 R&R"), recommending that the Amended Petition be denied in its entirety. (2016 R&R (Dkt. 47).) Petitioner filed objections to the R&R on January 19, 2017.[1] (Pet'r Objs. (Dkt. 55).) For the reasons stated below, Petitioner's objections are OVERRULED, Judge Reyes's 2016 R&R is ADOPTED IN FULL, and the Amended Petition is DENIED.

I.  BACKGROUND

   A.  Procedural History

The court assumes familiarity with the full underlying facts and procedural history, as described in Judge Reyes's previous R&R (the "2012 R&R"). (See 2012 R&R (Dkt. 16) at 1-8.) After two trials in New York state court, Petitioner was convicted of murder, attempted murder,

---

[1] Petitioner was granted several extensions of time to file his objections. (See Dec. 6, 2016, Order (Dkt. 54) (providing a timeline of the extensions).)

1

assault, and criminal possession of a weapon. (Dennehy Aff. in Opp'n to Am. Pet. ("Dennehy Aff.") (Dkt. 41 at ECF p.1) ¶¶ 6, 9.) Petitioner was sentenced to consecutive terms of 22 years to life on the murder charge and 8 to 24 years on the attempted murder charge, to run concurrently with Petitioner's sentences on the two other charges. (Id. ¶ 6.) After Petitioner's convictions were affirmed on direct appeal, he filed a habeas petition in this court alleging multiple instances of ineffective assistance of counsel. (See 2012 R&R at 6-8 (summarizing procedural history); see also Pet. (Dkt. 1).) On September 17, 2015, the court adopted the 2012 R&R's recommendation to deny the original petition, but granted Petitioner an opportunity to amend the petition with "a newly-exhausted ineffective assistance of counsel claim—namely, that he was improperly advised regarding a plea deal." (Sept. 17, 2015, Mem. & Order at 16-17.)

### B. The Amended Petition

In the Amended Petition, Petitioner alleges that his state defense counsel ("Defense Counsel")[2] discussed the possibility of plea deals with Petitioner, with the state prosecutor (the "Prosecution"), and with the state court, proposing sentences that would run concurrent to an existing federal sentence on an unrelated conviction.[3] (Am. Pet. ¶¶ 6-8.) Petitioner argues that this constituted ineffective assistance of counsel because Defense Counsel never sought input from the Federal Bureau of Prisons ("BOP"), which allegedly holds the authority to "determine whether a state sentence runs concurrent to [a] federal [ ] sentence." (Id. ¶ 6; see also id. ¶¶ 12-13.) Without such input, Defense Counsel could not have been sure that any negotiated sentence would actually run concurrently, as promised.

---

[2] Petitioner had the assistance of two different attorneys during plea negotiations in two different phases of his state criminal proceedings. (Am. Pet. ¶¶ 6-8.) Because the court finds that Petitioner's claim fails as a matter of law, as discussed below in Section III.A.2, the court need not address the specific facts of the various plea discussions.
[3] The parties' filings do not specify the length of this previously imposed federal sentence, nor do they enumerate the underlying federal charges.

2

### C. The 2016 Report and Recommendation

Judge Reyes recommends that the Amended Petition be denied in its entirety. (2016 R&R at 1.) Specifically, Judge Reyes recommends that the court find (1) that Petitioner's claim is not procedurally barred from habeas review, and (2) that Petitioner has failed to show that Defense Counsel was constitutionally defective.

## II. DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district court 'may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous.'" Locurto v. United States, No. 10-CV-4589 (NGG) (JO), 2016 WL 4257550, at *2 (E.D.N.Y. Aug. 12, 2016) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order); cf. 28 U.S.C. § 636(b)(1).

The court shall review de novo any portions of the R&R to which a party timely objected. 28 U.S.C. § 636(b)(1). If, however, "a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Locurto, 2016 WL 4257550, at *2 (quoting Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)). In addition, "courts 'ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.'" Id. (quoting Kennedy v. Adamo, No. 02-CV-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F. App'x 34 (2d Cir. 2009) (summary order)).

3

At the same time, "the court must 'liberally construe [filings] submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" Moore v. Newton, No. 14-CV-6473 (MKB) (CLP), 2016 WL 7011476, at *5 (E.D.N.Y. Dec. 1, 2016) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)).

## III.  DISCUSSION

Neither party has objected to Judge Reyes's recommended finding that this court is not procedurally barred from reviewing Petitioner's habeas claim.[4] (See 2016 R&R at 2-3.) The court therefore reviews for clear error. Finding none, the court adopts this recommendation in full. Petitioner does object to Judge Reyes's analysis of Petitioner's ineffective assistance claim, (Pet'r Objs. ¶¶ 13-22), and also requests an evidentiary hearing (id. ¶¶ 1-12). Applying de novo review, the court finds that Petitioner's substantive claim lacks merit, and finds that Petitioner is not entitled to an evidentiary hearing. Therefore, the Amended Petition must be denied.[5]

### A.  Ineffective Assistance of Counsel

#### 1.  Legal Standard

Petitioner bears the burden of showing that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) Petitioner suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 684, 692 (1984). Importantly, both prongs must be satisfied. Torres v. Donnelly, 554 F.3d 322, 325 (2d Cir. 2009) (emphasis added) (citing Strickland, 466 U.S. at 692).

---

[4] On collateral review in the state courts, Petitioner's claim was rejected on procedural grounds, which arguably constitutes an independent and adequate state ground. (See 2016 R&R at 2.) Because Petitioner's claim involves off-the-record discussions with Defense Counsel, however, Judge Reyes recommends that this procedural bar should not apply. (Id. at 3 (citing Fulton v. Graham, 802 F.3d 257 (2d Cir. 2015).)

[5] Petitioner's objections also appear to restate several substantive claims made in the original petition, which this court denied in its prior order. (Compare Pet'r Objs. ¶¶ 23-27 with Sept. 17, 2015, Mem. & Order at 11-16.) Should Petitioner wish to relitigate those claims, Petitioner must seek leave from the Court of Appeals for the Second Circuit to file a successive habeas petition. See 28 U.S.C. § 2244(b).

4

To establish prejudice in the context of plea bargaining,

> [Petitioner] must show that but for the ineffective advice of counsel there is a reasonable probability . . . that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances[],that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. 156, 164 (2012).

2. Analysis

Judge Reyes recommends a finding that the Amended Petition fails to satisfy either prong of the Strickland test. (2016 R&R at 3-6.) Upon de novo review, this court agrees.

a. *Objectively Unreasonable Performance*

As Judge Reyes explains, Petitioner's argument is premised on an incorrect understanding of the law on concurrent sentences from different jurisdictions. At all relevant times, "New York penal law provided that when a defendant was subject to an undischarged term of imprisonment imposed by a [federal court], the state court had the authority to impose a concurrent sentence for the state charge and designate the [federal] correctional institution as the place of confinement." (2016 R&R at 4 (citing N.Y. Penal Law §§ 70.25(4), 70.20(3); People v. Thompson, 384 N.Y.S.2d 974 (N.Y. Sup. Ct. 1976); People v. Yant, 674 N.Y.S.2d 698 (N.Y. App. Div. 1998)).)

Similarly, under federal law, "it was not improper for the attorneys not to secure the participation of the BOP during the plea [negotiation] process." (Id. at 5 (citing Setser v. United States, 566 U.S. 231 (2012).) The Supreme Court recently clarified that the "principles of federalism" permit state courts to do precisely what was contemplated in Petitioner's plea negotiations: if a prisoner "serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the

5

Bureau [of Prisons] said on the matter." Setser, 566 U.S. at 241. Setser was decided in 2012, however, and federal law on this issue was admittedly less clear at the time of Petitioner's trial. See, e.g., McCarthy v. Doe, 146 F.3d 118, 120 (2d Cir. 1998) ("The law governing . . . prisoners subject to multiple state and federal sentences[] is hardly a model of clarity."). Even so, "that does not warrant a determination that counsels' performance was objectively unreasonable," given the available legal authority at that time. (2016 R&R at 5.)

The court agrees in full with Judge Reyes's conclusion that Defense Counsel had no reason to suppose that BOP would or could interfere in a state sentence imposed subsequent to an existing federal sentence. Judge Reyes's sound legal analysis survives Petitioner's objections. Petitioner argues that Judge Reyes's citations are "outdated" (Pet'r Objs. ¶ 14), but Judge Reyes accurately described the law in effect during Petitioner's state criminal proceedings. Petitioner cites to cases discussing the general topic of sequential sentences in different jurisdictions (see id. ¶¶ 13-21), but Petitioner has failed to offer any legal authority that would require BOP's permission for the type of concurrent state sentence contemplated in Petitioner's plea negotiations. Petitioner's only remaining objection is that, to the extent the law was even slightly unclear, Defense Counsel should have sought BOP's explicit authorization out of an abundance of caution. (Id. ¶ 13.) Habeas courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," however. Strickland, 466 U.S. at 689. The constitutional standard is defined by "objective reasonableness," not "abundance of caution." Petitioner has failed to show that Defense Counsel's performance fell below that standard.

6

Petitioner's objections are overruled. The court finds that the Amended Petition fails to show unreasonable performance by Defense Counsel, and therefore fails to state a claim of ineffective assistance of counsel.

### b.  *Prejudice*

Because the court has found no evidence of objectively unreasonable performance, the court need not address Strickland's prejudice prong. Torres, 554 F.3d at 325. The court notes, however, that the Amended Petition fails to explain why Petitioner proceeded to trial on two occasions rather than pleading guilty to any of his charges. Petitioner bears the burden of showing that the Prosecution actually extended a plea offer, and but for Defense Counsel's performance, Petitioner would have accepted the offer, the Prosecution would have consummated it, and Petitioner would thereby have received a less severe sentence than was actually imposed. Lafler, 566 U.S. at 164. The alleged plea discussions involved shorter prison terms than Petitioner ultimately received (see Am. Pet. ¶¶ 6-8), but Petitioner has failed to explain how the asserted legal error—failing to solicit BOP's input—had any impact on Petitioner's willingness to accept an offer or the Prosecution's willingness to consummate it.

### B.  **Request for an Evidentiary Hearing**

In Petitioner's objections, he requests an evidentiary hearing to supplement the record as to any conversations about possible plea deals. (See Pet'r Objs. ¶¶ 1-12.) The court finds that Petitioner has failed to demonstrate his entitlement to a hearing under Section 2254. Because Petitioner "has failed to develop the factual basis of a claim in State court proceedings," he bears the burden of showing (1) that the claim relies either on a new rule of law from the Supreme Court or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and (2) that "the facts underlying the claim would be sufficient to establish . . .

7

that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Petitioner has failed to satisfy either prong of this test.

## IV.   CONCLUSION

For the reasons stated above, the court OVERRULES Petitioner's objections (Dkt. 55) and ADOPTS IN FULL Judge Reyes's 2016 R&R (Dkt. 47). Accordingly, the Amended Petition (Dkt. 36) is DENIED. No Certificate of Appealability shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully DIRECTED to close the case, and to mail a copy of this order to pro se Petitioner.

SO ORDERED.

Dated: Brooklyn, New York  
       March 23, 2017

s/Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge